Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
)
IN RE:                                        )     CASE NO.         04-34343 (LMW)
                                              )
JONATHAN CLARKE HALLBERG,                     )     CHAPTER          7
                                              )
        DEBTOR.                               )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
BARBARA H. KATZ, TRUSTEE,                     )     ADV. PRO. NO.    06-3090
                                              )
        PLAINTIFF                             )     DOC. I.D. NO.    20
                                              )
    vs.                                       )
                                              )
CJS REALTY LLC, H&R LEASING                   )
COMPANY L.P. and HALLBERG LLC,                )
                                              )
        DEFENDANTS.                           )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

Thomas J. Farrell, Esq.                               Attorney for Plaintiff Chapter 7 Trustee
Law Offices of Alan B. Silver LLC
274 Silas Deane Highway
Wethersfield, CT 06109

Steven R. Kolodziej, Esq.                             Attorney for Defendants
Garcia & Milas, P.C.
44 Trumbull Street
New Haven, CT 06510

---

**BRIEF MEMORANDUM OF DECISION
AND ORDER RE: DEFENDANTS' CLAIM FOR JURY TRIAL**

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** on August 10, 2006 the above-referenced plaintiff chapter 7 trustee (the "Trustee") commenced this adversary proceeding by the filing of a certain complaint (Doc. I.D. No. 1, the "Complaint");

**WHEREAS,** the Complaint alleges that certain transfers from the above-referenced debtor to each of the above-referenced defendants (collectively, the "Defendants") are avoidable as fraudulent transfers pursuant to Section 52-552 of the Connecticut General Statutes (made applicable by 11 U.S.C. § 544(b)). Section 52-552 makes avoidable transfers where a debtor made the transfer without receiving a "reasonably equivalent value" in exchange for the transfer and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer. *See* Conn. Gen. Stat. § 52-552(f). The Complaint seeks both recovery of property and money damages;

**WHEREAS,** on October 9, 2006 the Defendants filed and served a certain Answer and Affirmative Defenses (Doc. I.D. No. 10);

**WHEREAS,** on October 19, 2006 the Defendants filed and served a certain Demand for Jury Trial (Doc. I.D. No. 20, the "Jury Demand");

**WHEREAS,** the Jury Demand was docketed as a motion and, as such, was set down for a hearing (the "Hearing") on November 8, 2006. The Hearing was convened as scheduled. At the Hearing the parties consented on the record to a jury trial in this court (if the Defendants have a right to a jury trial). At the Hearing the Trustee "objected" to the Jury Demand (in essence, moved to strike the Jury Demand) and argued (for the reasons discussed below) that the Defendants do not have a meaningful right to a jury trial in this proceeding. At the conclusion of the Hearing, the court took the matter under advisement subject to post-trial briefing. Such briefing now is complete;

**WHEREAS,** it is uncontested that the Defendants have not filed proofs of claim in this chapter 7 case;

**WHEREAS,** under the circumstances set forth above, to the extent that there are genuine issues of material fact relative to the Complaint, the Defendants are entitled to a jury as fact finder.  *Cf. Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33 (1989);

**WHEREAS,** the Trustee argues that there are no questions of fact to be determined in this proceeding;

**WHEREAS,** the parties appear to agree that the only (or at least primary) issue in this case is the question of "reasonably equivalent value" under the relevant Connecticut statute;

**WHEREAS,** the question of "reasonably equivalent value" presents a question of fact. *See Texas Truck Ins. Agency, Inc. v. Cure (In re Dunham),* 110 F.3d 286 (5th Cir. 1997). *See also Klein v. Tabatchnick*, 610 F.2d 1043, 1047 (2d Cir. 1979) ("Fairness of consideration is generally a question of fact.");

**WHEREAS,** questions of proper valuation methodology present questions of law for the court. *See Dunham, supra.*;

**WHEREAS,** the Trustee argues that the only issues in this case relate to valuation methodology. Accordingly, the Trustee argues, empaneling a jury in this case would be a useless exercise for there would be nothing for the jury to do;

**WHEREAS,** the court disagrees with the Trustee in that respect.  First, the issue of "reasonabl[e] equivalen[ce]" requires more than a determination of "value" and, to that extent, presents a question of fact even if the "valuation" issue does not. *See Dunham, supra.* Moreover, the issue of valuation itself also may present a question of fact because (if for no other reason) the jury is entitled

to evaluate the relative credibility of the parties' experts. *See Dunham,* 110 F.3d at 289 (applying "clear error" standard to bankruptcy court's determination that one appraiser was more credible than the other);

**NOW, THEREFORE,** for the reasons discussed above, the court "grants" the "motion" for jury trial in that it denies the Trustee's implied motion to strike the Jury Demand.[1]  It is **SO ORDERED**.

Dated: March 20, 2007                                            BY THE COURT

                                                                 Lorraine Murphy Weil
                                                                 United States Bankruptcy Judge

---

[1] The court declines (on this record and in this posture) to decide certain other issues raised by the parties at the Hearing and/or in their briefs.